**MDL 1878**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

8:15 am, Oct 18, 2007

FILED
CLERK'S OFFICE

IN RE: INTERNAL REVENUE SERVICE §1031
TAX DEFERRED EXCHANGE LITIGATION
    Jon R. Sorrell, et al. v. Qualified Exchange Services, )
        Inc., et al., C.D. California, C.A. No. 2:07-2088 )
    Howard J. Hawks Trust UTA Dated November 1, 1991 v. )
        Qualified Exchange Services, Inc., et al., )
        D. Nevada, C.A. No. 2:07-816 )

MDL No. 1878

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in the action pending in the District of Nevada has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Nevada. Plaintiff in a potential tag-along action (*U.S. Fire*) supports plaintiff's motion in its entirety. At oral argument, the receiver of certain defendant entities stated that he supports centralization in the District of Nevada or the Central District of California. Plaintiffs in the Central District of California action (*Sorrell*) and a defendant in both actions, UBS Financial Services, Inc., oppose centralization but alternatively support transfer to the Central District of California or, alternatively, the District of Nevada.

This litigation currently consists of two actions pending, respectively, in the Central District of California and the District of Nevada.[1]

On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the District of Nevada will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The two actions are similar class actions brought on behalf of all individuals and entities that sought to enter into a tax-deferred exchange, pursuant to 26 U.S.C. § 1031, entrusted money to facilitate the exchange to Southwest Exchange, Inc. (SWX) and/or Qualified Exchange Services, Inc., and subsequently lost such funds as a result of the alleged misconduct of various defendants. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to the issue of class certification); and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judge Heyburn took no part in the disposition of this matter.

[1] In addition to the two actions now before the Panel, the parties have notified the Panel of three related actions pending in the District of Nevada. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

PLEADING NO. 23

**OFFICIAL FILE COPY**  IMAGED OCT 1 8 2007

- 2 -

The parties opposing centralization argue, *inter alia*, that centralization under Section 1407 is unnecessary because some parties have already made attempts to coordinate the litigation. We respectfully disagree. While we applaud every cooperative effort undertaken by parties to any litigation, transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of both actions to the overall benefit of the parties and the judiciary.

We are persuaded that the District of Nevada is an appropriate transferee forum for this litigation. The District of Nevada is a likely source of relevant documents and witnesses, inasmuch as SWX was based in Nevada, several of the individual defendants lived there, and most of the challenged conduct occurred there. Nevada is also the location of related state court proceedings, and centralization in the District of Nevada will enhance the potential for coordination between the state and federal courts regarding this matter.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Central District of California is transferred to the District of Nevada and, with the consent of that court, assigned to the Honorable Robert C. Jones for coordinated or consolidated pretrial proceedings with the action pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

| John G. Heyburn II, Chairman* | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |